**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heidi Ann Hosmer,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-19-08002-PCT-JJT<br><br>**ORDER** |

Plaintiff Heidi Ann Hosmer challenges the denial of her Applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration under the Social Security Act (the Act). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, Pl. Br.), Defendant Social Security Administration Commissioner's Response Brief (Doc. 21, Def. Br.), and Plaintiff's Reply (Doc. 24, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 11, R.) and now reverses the Administrative Law Judge's (ALJ) decision (R. at 36–48).

**I.  BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on March 26, 2015, and an application for Supplemental Security Income on February 23, 2016, both for a period of disability beginning on August 22, 2014. (R. at 36.) Her claim was denied initially on August 19, 2015, and upon reconsideration on January 14, 2016. (R. at 36.) Plaintiff appeared by video before the ALJ on September 8, 2017, for a hearing regarding her claim.

(R. at 36.) On January 3, 2018, the ALJ denied Plaintiff's claim, and on November 6, 2018, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1–4, 36–48.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: (1) fibromyalgia, (2) mild neurocognitive disorder, (3) depressive disorder, (4) posttraumatic stress disorder (PTSD), and (5) anxiety disorder. (R. at 39.) The ALJ also found that Plaintiff had the medically determinable condition of kidney stones, which were not a severe impairment. (R. at 39.)

Ultimately, the ALJ concluded that Plaintiff was not disabled. (R. at 47.) She determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 39.) Additionally, she determined that Plaintiff has the residual functional capacity (RFC) to "perform light work . . . except she can sit for only about 4 hours out of an 8-hour workday and stand and/or walk about 4 hours of an 8-hour workday," along with some other physical limitations. (R. at 41.) "She is able to perform simple, routine tasks and make simple, work-related decision in an environment with few changes and free from fast-paced production requirements." (R. at 41.) Moreover, Plaintiff "can have occasional and superficial interaction with coworkers, supervisors, and the public, such that the interaction is incidental to the task performed." (R. at 41.) Accordingly, the ALJ found that Plaintiff could perform unskilled work at a light exertional level, such as merchandise marker or office helper, and Plaintiff is not disabled under the Act. (R. at 47.)

II. **LEGAL STANDARD**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). At the fifth and final step, the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

. . . .

. . . .

. . . .

### III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration. Plaintiff argues the ALJ erred by: (1) rejecting the assessment of Dr. Horan, an examining psychologist; and (2) rejecting Plaintiff's symptom testimony.

In March 2017, Kevin Horan, Ph.D., a licensed psychologist, conducted a detailed examination of Plaintiff "for neuropsychological assessment in order to help learn the extent to which her fibromyalgia condition may be contributing to her mental health diagnosis." (R. at 552.) Dr. Horan administered 12 psychological tests, conducted a clinical interview, and made behavioral observations. (R. at 553.) He opined that Plaintiff "has good days and bad days," but would "work slowly and could be internally occupied/distractible and not attentive particularly when she is experiencing pain or migraine headaches." (R. at 561–62.) He also observed that Plaintiff displays "problems with immediate, as well as delayed memory and prolonged attention/concentration and cognitive stamina." (R. at 562.)

The ALJ gave Dr. Horan's opinion "only some weight" because (1) Dr. Horan "seemed to place a heavy emphasis on the claimant's physical conditions as being the cause of her mental functional deficits," which "is outside the expertise of Dr. Horan, a psychologist, who has no training in the diagnosis of medical conditions"; (2) "the medical evidence did not provide much support for the claimant's alleged pain"; and (3) Dr. Horan's opinion is inconsistent with treating examinations of record" with regard to Plaintiff's mental limitations, and specifically, "another neuropsychological evaluation in June 2016 showed no memory decline." (R. at 45.) The ALJ also stated that Plaintiff's treating source examinations and the June 2016 evaluation "generally showed good functioning," and while Dr. Horan's March 2017 neuropsychological evaluation constituted "[t]he most significant adverse findings," it "was only one examination at one time, not representative of the claimant's functioning throughout the entire period." (R. at 46.)

An examining physician's opinion is generally entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). An ALJ must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician. *Id*. Even if the opinion of an examining physician is contradicted by the opinion of another doctor, the examining physician's opinion can only be rejected for specific and legitimate reasons supported by substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

At first blush, Dr. Horan's March 2017 psychological evaluation of Plaintiff contradicted the evaluation conducted by Aileen A. Lee, Ph.D., in June 2016. As the ALJ points out, Dr. Lee opined after an extensive evaluation that Plaintiff's "concerns regarding memory decline [are] not supported by test results." (R. at 534.) However, in the next paragraph, Dr. Lee said Plaintiff "is experiencing significant psychiatric difficulty. She is experiencing significant depression coupled with anxiety and tension. It is likely that her psychiatric status is contributing to her perception of memory decline as well as chronic pain." (R. at 534.) Dr. Lee recommended "[f]urther exploration of events surrounding the time of her pain," to provide "direction for therapy." (R. at 534.)

Plaintiff's reports of pain, to both Dr. Lee and Dr. Horan, were inherently subjective reports. *See Bunnell v. Sullivan*, 947 F.2d 341, 347 (9th Cir. 1991) (pain is "completely subjective" and the Agency must consider all available evidence in evaluating reports of pain). Dr. Lee gave a clinical impression of those reports tied to Plaintiff's "significant depression coupled with anxiety and tension," and Dr. Lee did not conclude that Plaintiff would have no functional limitations as a result of her "significant psychiatric difficulty." (R. at 534.) Dr. Horan's evaluation—in which he identified Plaintiff's functional limitations resulting from her mental state—did not contradict Dr. Lee's evaluation, but rather built upon it. Thus, inconsistency with Dr. Lee's evaluation provided the ALJ with neither a "clear and convincing" nor a "specific and legitimate" reason to discount Dr. Horan's assessment of Plaintiff.

The ALJ also states that Dr. Horan's opinion merits little weight because his assessment of Plaintiff's physical pain was outside his area of expertise. Dr. Horan did not assess Plaintiff's physical pain in and of itself, but rather opined on the effect Plaintiff's perception of her physical pain had on her mental state—much like Dr. Lee did. (R. at 530–534, 552–571.) As a result, Dr. Horan's opinion was not outside of his specialty, and the ALJ erred in discounting the opinion on that basis.

Finally, the ALJ indicates Dr. Horan's opinion is inconsistent with Plaintiff's treatment records, identifying specifically psychiatric notes from January 26, 2015 (R. at 445–46), March 4, 2015 (R. at 433–34), and July 28, 2015 (R. at 481). To the extent those notes provided sufficient detail, they stated that Plaintiff is dysphoric, suffers from significant depression but does not want to acknowledge it, and has "Anxiety Disorder due to General Medical Condition (Fibromyalgia)," "difficulty concentrating," and "Moderate Symptoms of Difficulty in Functioning." (R. at 433–34, 445–46, 481.) Nothing in these notes was inconsistent with Dr. Horan's assessment of Plaintiff's functional limitations, and the ALJ erred in discounting Dr. Horan's assessment on that basis as well.[1]

The ALJ thus failed to give adequate reasons supported by substantial evidence in the record to discount Dr. Horan's assessment, which Dr. Horan made after a thorough and detailed examination of Plaintiff. This error was material because, at the hearing, the Vocational Expert concluded that a hypothetical person like Plaintiff with the limitations identified by Dr. Horan would not be able to work in the national economy. (R. at 79–80.) Thus, had the ALJ properly incorporated the findings of Dr. Horan in Plaintiff's RFC, she would have been compelled to conclude that Plaintiff is disabled under the Act. Moreover, the Court finds that the ALJ erred in failing to fully credit Plaintiff's testimony as to her limitations. *See Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (noting that, where a claimant's medically determinable impairments can reasonably be expected to cause the reported symptoms, the ALJ may not conclude that the severity or extent of the

---

[1] To the extent the ALJ relies on the opinions of non-examining state agency reviewers, those opinions do not outweigh the opinions of Plaintiff's treating and examining physicians such that they could constitute adequate substantial evidence to support a finding that Plaintiff is not disabled. *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017).

reported symptoms is not supported by the ALJ's reading of the objective medical evidence).

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for a payment of benefits rather than for further proceedings. (Pl. Br. at 25.) The credit-as-true rule only applies in cases raising circumstances that permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1102 (9th Cir. 2014). These circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

In this case, the credit-as-true rule applies. As the Court discussed above, the ALJ failed to provide legally sufficient reasons for rejecting the opinion of the examining psychologist. If this evidence is properly credited, the Court sees no significant conflicts or ambiguities that are left for the ALJ to resolve. Moreover, considering the record as a whole, the Court credits Plaintiff's testimony as a matter of law and is left with no doubt that Plaintiff is disabled under the Act. *See Garrison*, 759 F.3d at 1022–23; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 & n.12 (9th Cir. 2007).

**IT IS THEREFORE ORDERED** reversing the January 3, 2018 decision of the Administrative Law Judge (R. at 36–48).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for a calculation and payment of benefits.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 16th day of March, 2020.

_____
Honorable John J. Tuchi
United States District Judge