WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heidi Ann Hosmer,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-19-08002-PCT-JJT<br><br>**ORDER** |

After the Court ordered the matter remanded to the Social Security Administration for payment of benefits, Plaintiff moved for Attorney's Fees under the Equal Access to Justice Act and filed a Memorandum in Support. (Docs. 27–28., "Pl. Mem.".) Defendant filed an Opposition (Doc. 29, "Def. Opp."), and Plaintiff filed a Reply. (Doc. 33., "Reply".) The Court has considered the above briefing, and for the following reasons, grants in-part Plaintiff's Motion for Award of Attorney's Fees as Authorized by the Equal Access to Justice Act for fees totaling $8,227.21—Plaintiff's total requested fees reduced by $2,642.[1]

Plaintiff and Defendant dispute nearly every aspect of Plaintiff's Motion, which has arguably resulted in satellite litigation the Ninth Circuit has warned about. *See Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009); *see also Hensley v. Eckerhart,* 461 U.S.

---

[1] In her Motion, Plaintiff originally sought $9,842.96. In her Reply, she requests $10,869.21. The additional $1,026.25 represents five hours worth of fees at a rate of $205.25 incurred by Plaintiff's counsel in reviewing Defendant's Opposition and crafting the Reply.

424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). Further, a significant portion of the parties' briefs and arguments are directed towards issues that do not inform the Court's judgment regarding the relevant considerations in deciding whether fees are appropriate in this case, and if so, in what amount. (Pl. Mem. at 1–2; Def. Opp. at 2–5; Reply at 2–6.) The remaining issues relevant to deciding this fee dispute are: (1) whether Defendant's position was substantially justified at the agency level and before the federal courts; and if not, (2) whether the requested fees are reasonable.

Plaintiff and Defendant debate the relevant standards in determining when an agency's position is substantially justified. (Pl. Mem. at 5–7; Def. Opp. at 4–10.) The Ninth Circuit's caselaw crystalizes the relevant standards. First, it is the government's burden to show that its position was substantially justified. *See Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). Next, the government's position must be justified to a reasonable degree by showing its position has a reasonable basis in law and fact. *Id*. Finally, the government's position encompasses both its litigation position and the underlying agency action giving rise to the case. *Id*. Defendant mistakenly relies on *Decker v. Berryhill*, 856 F.3d 659, 655 (9th Cir. 2017), to support the proposition that the government's position is not substantially justified only when remand of the underlying agency action is "a foregone conclusion." *Decker* and its companion case *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017), concern the specific scenario of whether the government's position is substantially justified when it opposes remand of a case where new evidence was submitted after an ALJ decision but before district court review of the ALJ's decision. That scenario is not implicated here, and those cases' specific applications of the general rules do not aid the Court's evaluation of this case.

Turning to this case, Defendant's position was not justified at the agency level or before the federal courts. The Court's Order remanding Plaintiff's case for payment of benefits establishes that Defendant's position at the agency level—the ALJ's decision—was not substantially justified. (Doc. 25.) In its order, the Court explains that the ALJ

erroneously rejected Dr. Kevin Horan's opinion based on rationales that were unsupported by the record. (*Id.* at 4–6.) Similarly, the Court also found the ALJ erred by rejecting Plaintiff's symptom testimony. (*Id.* at 6–7.) Defendant attempts to relitigate the Court's findings and points to evidence that purportedly supports the ALJ's findings. (Def. Opp. at 6–10.) For example, Defendant argues the ALJ's rejection of Dr. Horan's opinion was for permissible purposes and had some support in the record, and therefore, had a reasonable basis in law and fact. (Def. Opp. at 6.) But the Court has already concluded that Defendant's argument is incorrect. The ALJ's conclusions were unsupported by even a minimal threshold of evidence. (Doc. 25 at 4–6.) Similarly, Defendant argues the ALJ correctly rejected Plaintiff's symptom testimony, but, again, the Court has already concluded that the ALJ provided only a single, insufficient basis for rejecting her testimony. (Def. Opp. at 8; Doc. 25 at 6–7.) Thus, Defendant's arguments are unpersuasive. The ALJ's rejection of Plaintiff's testimony and Dr. Horan's opinion failed to survive even the highly deferential substantial evidence review. *See Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013) (reiterating that a strong indicator that the government's position is not substantially justified is that the underlying agency decision is unsupported by substantial evidence). Accordingly, neither the ALJ's decision underlying this civil action nor Defendant's defense of the ALJ's errors was substantially justified.

Next, Defendant provides several reasons why Plaintiff's requested fees are unreasonable. First, Defendant argues Plaintiff's attorney unreasonably spent 8 hours drafting the Complaint in this case. (Def. Opp. at 11.) Defendant thus argues the Court should reduce the time requested from 8 to 2.5 hours. (*Id.* at 13.) Second, Defendant argues Plaintiff's attorney spent unreasonable time drafting and editing the Opening Brief and Reply. (*Id.* at 13–16.) Accordingly, Defendant argues for further reductions. (*Id.*) Next, Defendant argues Plaintiff's attorney used "block billing" which makes it difficult to discern how much time was spent on specific tasks and warrants further reduction. (*Id.* at 16–17.) Finally, Defendant argues that Plaintiff's Reply to Defendant's Opposition brief

on this fee issue is unreasonable and warrants further reduction. (*Id.* at 18.) All together, Defendant argues the Court should award no more than $5,201.80.

Generally, the Court rejects Defendant's arguments but agrees that the amount of time billed to draft a 14-page complaint under the circumstances is either itself excessive or renders the time spent drafting the Opening Brief excessive. (*Id.* at 11–16.) The Court finds persuasive Defendant's argument that the time spent on the Complaint resulted in duplicative tasks rather than downstream efficiencies at the briefing stage. (*Id.* at 12.) Notably, Plaintiff's attorney billed 18.5 hours for him and a different attorney, Robin Larkin, to familiarize and review the record and case documents twice more after performing similar tasks at the complaint stage.[2] (*See* Doc. 28–2, entries for 5/26/19, 5/27/19, 10/31/19.) The time spent conducting such review should have been reduced given the time Plaintiff's counsel spent familiarizing himself with the record while drafting the very thorough Complaint. The Court cannot make a perfect distinction between time that was unreasonably expended at the complaint or briefing stages but can conclude that some time was unreasonably expended. Thus, the Court finds that, although Plaintiff has established that some of the fees sought are reasonable, the Court will reduce the awarded fees to reflect unnecessarily duplicated labor at the complaint and briefing stages by 8 hours at the 2019 rate of $205.25 per hour for a total reduction of $1,642. *See Hensley*, 461 U.S. at 437.

Additionally, the Court will reduce Plaintiff's remaining requested fees by $1,000 for work unrelated to the merits of this fees determination. In determining appropriate fees, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) *citing Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008). Counsel for the winning party should exercise good faith

---

[2] The Court notes that the services billed for the 5/26/19, 5/27/19, and 10/31/19 entries also include research and drafting tasks. (*See* Doc. 28–2, entries for 5/26/19, 5/27/19, 10/31,19.) The Court will not reduce the awarded fees for non-duplicative research and drafting reflected in these entries, but only for duplicative review tasks accomplished at the complaint stage.

billing judgment. *Hensley*, 461 U.S. at 434. And the Court can impose a reduction of up to 10 percent based purely on the exercise of its discretion and without more specific explanation. *See Costa*, 690 F.3d at 1136.

A significant portion of Plaintiff's briefing was aimed at addressing issues that do not address the merits of the relevant issues in this case. Accordingly, the Court finds a $1,000 "haircut"—less than 10% of the total requested fees—is reasonable. *See Moreno*, 534 F.3d at 1116. Plaintiff's counsel's focus on inessential issues means he expended more labor than necessary on briefing the relevant issues, though again, the exact quantity of unreasonably expended work escapes perfect calculation. *See Costa*, 690 F.3d at 1135 (reiterating that counsel for the prevailing party should use billing judgment and exclude hours from a fee request that are excessive or unnecessary).

IT IS THEREFORE ORDERED granting in part and denying in part Plaintiff's Motion for Award of Attorney Fees as Authorized by the Equal Access to Justice Act. (Doc. 27). Plaintiff is awarded attorneys' fees in the amount of $8,227.21. Defendant shall make payment to Plaintiff in that amount pursuant to EAJA, 28 U.S.C. § 2412(d). The award shall be payable to Plaintiff's counsel.

Dated this 2nd day of March, 2021.

Honorable John J. Tuchi
United States District Judge